MUTUAL RESERVE FUND LIFE ASSOCIATION
v. I. LOVENBERG, EXECUTOR.

Decided November 5, 1900.

**1. Life Insurance—Forfeiture of Policy—Reinstatement.**

Where a life insurance policy, providing that a failure to pay any premium when due should render the policy void, also provided that if death should occur within six months from the maturity of the dues unpaid, the policy should nevertheless be payable to the beneficiary, this latter provision did not confer upon the insured the absolute right to renew and continue the policy by paying the overdue premium within that time, but was intended only for the benefit of the beneficiary in the event the insured died within six months from the date of default in the payment of the premium.

**2. Same—Conditional Receipt of Back Premium.**

Where the insured forfeited his life policy by failing to pay a premium when due, but afterwards paid it, taking a receipt containing a provision that such payment was received by the company only on condition that he was and had been for a year in good health, and he was not in good health at such time, the payment did not operate to reinstate the policy.

**3. Same.**

Where such receipt further provided that the receipt of future premiums by the company should not be a waiver of such condition as to health, no waiver can be presumed from the payment of subsequent premiums in the absence of evidence that the company knew at and before the payments were made that the condition as to good health in the first of such receipts had been violated.

**4. Practice on Appeal—Statement of Facts—Costs.**

Where the statement of facts on appeal is made up in violation of the rules, and so as to contain a large amount of immaterial matter, the costs thereof will be taxed against the appellant, although the judgment is reversed.

APPEAL from Galveston. Tried below before Hon. WILLIAM H. STEWART.

*West, Smith & Chapman* and *Terry, Ballinger, Smith & Lee,* for appellant.

*Labatt & Labatt* and *Davidson, Minor & Hawkins,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee, as executor of the estate of George Radanovich, deceased, brought this suit against ap-

pellant to recover on two certificates or policies of insurance on the life of said Radanovich for the sum of $2000 each. The petition alleged the issuance of the policies, the death of Radanovich and his wife, the beneficiary named in said policies, and the appointment of appellee as independent executor of the estate of said Radanovich, and prayed for a recovery of the amount of said policies, with 12 per cent damages and a reasonable attorney's fee, which was alleged to be $500.

The defendant answered by general and special demurrers and general denial, and by special plea setting up that said policies, according to their terms and provisions, became forfeited and void on the 31st day of December, 1896, by reason of the failure of the said Radanovich to pay certain dues and mortuary calls then due and payable on said policies, and that thereafter, to wit, on the 8th day of January, 1897, the said Radanovich offered to pay said dues and mortuary calls and the same were accepted by appellant on the express condition that the said Radanovich was then living and of temperate habits and was then and had been during the past twelve months in continuous good health and free from all disease, infirmity and weakness; that receipts for said dues and mortuary calls were delivered to said Radanovich, which receipts contained the express conditions above set out, and recited that if such conditions did not exist, such policies should be null and void, and that the receipt of said sums by the association should not be held to waive forfeiture or expiration of membership or to reinstate membership, or create any liability on the part of the association under said policies except upon fulfillment of said conditions, and that the acceptance of said sums by the association should not establish a precedent for the acceptance of future payments, nor should any subsequent payments on said policies waive, alter, or change any of the conditions of said receipt; that said statements as to the health and habits of said Radanovich as contained in the conditions in said receipts were not true, but were false and untrue, and that said Radanovich knew same to be false and concealed the true facts from the defendant; that by such action on the part of said Radanovich said policies became and were null and void, and defendant was not then and is not now liable thereon. The answer then tenders to plaintiff the sum of $118.20, the amount received by the association from said Radanovich as dues and mortuary calls on said policies subsequent to the forfeiture of the policies as before alleged.

Plaintiff, by a supplemental petition, pleaded a waiver by the defendant of the conditions of said receipts by the acceptance of subsequent dues and mortuary calls upon said policies. The trial of the cause in the court below resulted in a verdict and judgment in favor of appellee for the sum of $4000, from which judgment this appeal is prosecuted. The following is a succinct statement of the facts appearing in the record:

The policies sued on are each for $2000, and were issued by the association on the 31st of December, 1889, and the 19th of December, 1891,

respectively.   The first of said policies contains the following clause: "If this certificate or policy has been in force five years, and death shall occur within six months from the maturity of the dues unpaid, or within six months from the date of such mortuary calls which such member has omitted or neglected to pay, this certificate or policy shall nevertheless be payable to the beneficiary."   The second policy contains the following:   "Provided this policy has been in force for five years from its date and death shall occur within six months from the date of maturity of dues unpaid, or within six months from the date of mortuary calls which such member omitted or neglected to pay, this policy shall nevertheless be payable to the beneficiary."   The policies each provide that they are issued upon condition of the payment of dues for expenses, which dues are to be paid on the 31st day of December of each year during the continuance of the policy, and upon the further condition of the payment of all mortuary calls or premiums, said mortuary premiums being payable within thirty days from the first week day of the months February, April, June, August, October, and December of each and every year during the continuance of said policies. Each of the said policies contains the following provisions:

"No personal liability of the member is incurred by becoming a member of this association, and the continuance of this certificate, or policy of insurance, and payment by the member, are voluntary, at the option of the member to continue only so long as the member may desire to keep this certificate, or policy of insurance, in force, but a failure to make the payments as herein stipulated shall terminate this contract.   This contract, on the part of the association, is a bimonthly term contract renewable at the option of the member before expiration, upon payment of the dues and mortuary premiums at the times and in the manner in this contract provided.

"This certificate, or policy of insurance, is also issued and accepted subject to the express condition that if any of the payments stipulated in this contract shall not be paid on or before the day of the date as provided in this contract, at the home office of the association, in the city of New York, or to a duly authorized collector of the association, upon a receipt signed by its president, secretary, or treasurer, then the consideration of this contract shall be deemed to have failed and this certificate, or policy of insurance, shall be null and void, and all payments thereon shall be forfeited to the association.   * * *   And no forfeiture thereunder shall be waived unless such waiver shall be in writing and signed by the president or vice-president and one other officer of the association."

The constitution and by-laws of the association provide that on the first week day of the months of February, April, June, August, October, and December of each year (or at such other dates as the board of directors may from time to time determine) an assessment shall be made upon the entire membership in force at the date of the last death of the audited death claims prior thereto, for such a sum as the executive committee may deem sufficient to meet the existing claims

by death, the same to be apportioned among the members according to the age of each member. A failure to pay the assessment within thirty days from the first week day of February, April, June, August, October, and December (or within thirty days from the date of such periods as may be named by the directors) shall forfeit membership in the association, with all the rights therein, and the certificate of membership shall be null and void.

Section 6, article 11, of the constitution and by-laws is as follows: "If, at any time, any person secures membership in the association by concealing any fact; or if the statement in the application for membership is in any respect untrue; or if any of the conditions or provisions upon which the certificate of membership is issued are violated; or if any of the conditions or provisions of the certificate of membership or the constitution or by-laws are violated by the member, then, and in every such case (such membership) shall at once cease and determine, and the certificate shall be null and void, and all payments made thereon forfeited to the association. But the executive committee shall have power to reinstate a delinquent member, at any time, within one year, for good cause shown, and upon satisfactory evidence of good health, and upon payment of all delinquent dues and assessments."

The deceased failed to pay the dues and mortuary premiums due and payable on these policies on the 31st day of December, 1896. On the 8th day of January, 1897, said dues and premiums were paid by the deceased, and the association, at the time said dues and premiums were paid, delivered to deceased two receipts, each of which, after stating the amount received on the policy to which it referred, recites that said policy had lapsed by reason of the nonpayment of amount stated in said receipt on or before the date the same became due, and contains the following: "The above payment is offered and the same is received by the association subject to the conditions on the back hereof which are hereby made a part of this receipt." The conditions on the back of each of said receipts are as follows:

"The conditions upon which the within payment (for which this receipt is given) is accepted are as follows: First. That said member is now living, and of temperate habits, and is now and has been during the past twelve months in continuous good health and free from all disease, infirmity, or weakness, otherwise said payment and this receipt and said policy shall be and are null and void, and the sum paid hereon shall be subject to the order of the within named person. Second. The receipt and acceptance of the within sum by the association shall not be held to waive forfeiture or expiration of membership, or to reinstate membership, or create any liability on the part of the association, under said policy, except upon fulfillment of the first condition of this receipt. Third. The acceptance of the within sum after the same became due shall not establish a precedent for acceptance of future payments upon said policy, impair, waive, alter, or change any of the conditions of this receipt or of said policy or of any of the agreements or conditions relating thereto."

After making this payment on January 8, 1897, the deceased continued to pay all of the dues and premiums that became due upon said policies up to the time of his death, said payments being made on or before the dates on which they became due, the amount so paid by him aggregating the sum of $118.20, which amount it is admitted was properly tendered the appellee by the appellant. The last payment made by the deceased was on the 21st of June, 1898, and the receipt for said payment which was offered in evidence by the appellee contains the following recital: "The acceptance of the foregoing mortuary call shall not be held to waive any forfeiture caused by nonpayment of any previous sum when due, or otherwise." At the time the deceased made the payment of the overdue premiums and dues on the 8th day of January, 1897, and obtained the conditional receipt therefor above set out, he was not in good health and had not been during the past twelve months in continuous health and free from all disease, infirmity, or weakness, but on the contrary was then and had been for more than twelve months previous afflicted with an incurable disease, from which disease he subsequently died. He had been operated upon by a physician about eleven months previous to said 8th day of January, 1897, and had been told by the physician that he could only be temporarily relieved. The beneficiary named in said policies died previous to the death of said George Radanovich, which occurred on the 11th day of August, 1898. Notice was given and proof of death made in conformity with the terms of the policy. The appellant had no notice of the condition of said Radanovich's health at time it issued said conditional receipt on January 8, 1897, and at no time prior or subsequent thereto, and prior to the death of deceased, and the first information ever received by it or any of its officers or agents that said Radanovich was not in good health as stated in said receipt was received through the physician's certificate as to the cause of his death, which was furnished appellant at the time proof of death was made. The appellant, as shown by the certificate of the State insurance commissioner, was admitted into this State and permitted to do business as an insurance company on the assessment or natural premium plan.

There is no conflict in the testimony in this case, the only issues raised being as to the legal effect of the evidence.

Under appropriate assignments of error the appellant urges that the judgment of the court below must be reversed, because the verdict and judgment rendered in said court are contrary to the law and the evidence, in this, that the uncontradicted evidence shows that the policies upon which this suit is brought had lapsed and become forfeited on the 31st day of December, 1896, by reason of the failure of the deceased to pay the dues and premiums due upon said policies on said date, and that when said dues and premiums were received by the appellant on the 8th day of January, 1897, they were received under the conditions stated in the receipt before set out, and that said conditions did not exist and were not and could not have been fulfilled by the deceased, and therefore said policies were not reinstated by the payment of said

dues and premiums, but remained void and forfeited, and appellant can not be held liable thereon, there being no evidence to authorize a finding that appellant has waived any of the conditions contained in said receipt. The appellee contends that the judgment of the court below should be affirmed: (1) Because the evidence shows that said policies had not lapsed and become forfeited on the 31st day of December, 1896, each of said policies having been in force on said day for more than five years, and by their express terms they would not expire and become forfeited until six months after default in the payment of said dues and premiums. (2) Because the appellant association is, under its method of assessing and collecting its premiums, a regular old-line life insurance company, and as such, under the laws of the State of New York, a policy in said company is not forfeited for nonpayment of premiums unless notice was given the insured when such payment would become due; no such notice was shown to have been given in this case, and by the terms and provisions of said policies they are to be governed by, subject to, and controlled according to the laws of the State of New York. (3) Because the receipt was not signed by the deceased, was a unilateral contract, and the evidence not showing that he was informed as to its contents, he was not bound thereby. (4) Because the evidence shows that the appellant assessed and collected dues and premiums upon said policies for eighteen months after said 8th day of January, 1897, and by so doing it waived the conditions in said receipt of January 8, 1897.

We are of opinion that under a proper construction of the provisions of said policies they must be held to have lapsed and become forfeited upon the failure of deceased to pay the premiums which became due on December 31, 1896. It is expressly provided in each of said policies that a failure to pay any premiums that may become due thereon on or before the day same shall become due, shall render such policy null and void, and all payments theretofore made thereon shall be forfeited to the association. The provision of the policies which extends their benefits for six months after default in the payment of premiums, provided such policies have been kept in force for five years, must be construed in connection with the provision for forfeiture, and so construed that, if possible, every part of the contract shall be given effect. When construed in this way it is clear that the grace of six months is only intended for the benefit of the beneficiary in the contract of insurance in event the insured dies within six months from the date of default in the payment of premiums, and can not mean that the absolute right to renew and continue the contract of insurance shall exist in favor of the insured for six months after default in the payment of premiums without any regard to the condition of the health of the insured at the time of such renewal. Such construction of the policy would render its other provision as to forfeiture nugatory after the policy had been in force five years, and the insured could keep the policy in force after five years by paying his premiums once every six months.

It is clear to us that this construction can not be given to this provision of the policy. We think the constitution and by-laws of the association show that it is an assessment company as stated in the certificate of the insurance commissioner, but it is unnecessary for us to determine this question, as it was not shown on the trial of the case what the laws of New York were upon the subject of notice to an insured of the maturity of premiums upon his policy, and the issue as to whether or not such laws were complied with is not in the case. The deceased having accepted the conditional receipt for the payment made by him on the 8th day of January, 1897, and having had an opportunity to know its conditions, his assent to the same will be conclusively presumed, and such receipt became a binding contract between him and the association, and being a contract in writing, its terms can not be contradicted or waived, except upon proper allegations and proof of fraud, accident, or mistake. Abram v. Railway, 83 Texas, 61; Griffin v. Bristol, 40 N. W. Rep., 523; Insurance Co. v. Bozeman, 21 Texas Civ. App., 490.

If the conditions stated in said receipt can not be considered as a warranty by the deceased, they are clearly an agreement on his part that his policies had lapsed, and that the payment by him of the past due premiums should not reinstate the policies unless he was in the physical condition stated in said receipt; and when the appellant shows that such condition did not exist, by the express terms of the agreement the forfeited policies were not reinstated by the payment of said past due premiums, but remained null and void. This receipt further provides that the payment by the deceased of any future dues and premiums on said policies shall not reinstate them nor be considered as a waiver by the appellant of any of the conditions contained in said receipt, and the receipts given by appellant for subsequent dues and premiums paid by the deceased contained the same provisions. We think it clear that under the terms of these instruments no waiver can be presumed from the payment of said subsequent dues and premiums, in the absence of any evidence showing or tending to show that the appellant had any notice, at or before the time such payments were made, that the conditions stated in said receipt of January 8, 1897, did not exist, or that deceased was not a perfectly healthy man. The issue of waiver is not raised by the evidence in this case. Joyce on Insurance, sec. 1367; Insurance Co. v. La Croix, 45 Texas, 169; Insurance Co. v. Wolfe, 95 U. S., 326.

The judgment of the court below will be reversed and the cause remanded.

The statement of facts which appears in the record in this case was made up in gross violation of the rules of this court in regard to the copying in full of instruments introduced in evidence, and contains many pages of immaterial and superfluous matter. Appellee filed a motion prior to the submission of this case to strike out said statement of facts, which was overruled by us because we were of opinion that no such harsh punishment should be inflicted on the appellant, in view

of the fact that the affidavit of appellant's attorney filed in opposition to said motion shows that much of said immaterial matter was inserted in the record at the request of counsel for the appellee. But the court must protect itself from the imposition of having to investigate records of this kind, and as the appellant is primarily responsible for a correct statement of facts in every case, and in this case much of the objectionable matter was inserted without any request on the part of appellee, the cost of said statement will be adjudged against the appellant.

*Reversed and remanded.*