## SANCHEZ v. AMERICAN NAT. INS. CO.
### No. 8628.

Court of Civil Appeals of Texas. San Antonio.
June 3, 1931.

Rehearing Denied July 8, 1931.

Harry B. Berry, of San Antonio, for plaintiff in error.

Carter & Carter, of San Antonio, for defendant in error.

FLY, C. J.

Plaintiff in error, herein styled plaintiff, sued defendant in error, styled defendant, to recover on an insurance policy to recover insurance, penalty, and attorney's fees. The court, after hearing the evidence, instructed a verdict for defendant.

The facts show that the life of Julian Sanchez was, on April 18, 1929, insured for $1,000. The policy provided for payment of premiums quarterly; the first being payable in advance. That payment was made. The second payment was due on July 18, 1929, but the insured, under the law and terms of the policy, had until August 18 in which to pay the premium. Two minor children of Julian Sanchez, who died on August 26, 1929, swore that an agent of the defendant stated that he would get the company to grant another week in which to pay the premium. It was not paid. The following provision is included in the policy: "All premiums under this Policy are payable in advance either at the Home Office or to any agent upon delivery of a receipt signed by the President, Vice-President, Secretary or Actuary of the Company. No officer other than those stated and no Agent has the power to make or to modify this or any other contract of the Company in any respect whatever, and the Company is not responsible for, and shall not be bound by, any promises or representations made by any other than the officers named, and then not unless said promises or representations are in writing and signed by one of the officers stated."

The policy, as indicated, prohibits any change in the terms of the policy by any agent of the company, and the statutes of the state as emphatically deny any such authority. Article 5063, Revised Statutes. It is provided in that statute that no "agent shall have the power to waive, change or alter any of the terms or conditions of the application or policy." The agent is positively forbidden to make any such agreement as the two minors swore he made.

The court properly instructed a verdict for defendant. The judgment is affirmed.