## UNIVERSAL LIFE INS. CO. v. WARREN.

### No. 12693.

Court of Civil Appeals of Texas. Dallas.
Feb. 18, 1939.

Rehearing Denied March 18, 1939.

Montgomery & Campbell and J. W. Bookhout, all of Dallas, for appellant.

R. Q. Mason, of Dallas, and W. J. Durham, of Sherman, for appellee.

YOUNG, Justice.

Universal Life Insurance Company of Tennessee has appealed from a judgment obtained by appellee on the policy of insurance, the recovery being $500, plus penalty and attorney's fees, or a total of $735. The policy issued upon the life of Monroe James Warren on April 14, 1934, with Emily Warren, his wife, as beneficiary. The $3.10 quarterly premiums required by the policy were payable in advance, the periods being on or before the 30th of April, July, October and January of each year. Assured was admitted to a hospital July 27, 1936, and died August 12, following. Plaintiff's trial pleadings allege that on April 17, 1936, assured paid to Henry Randle, defendant's agent, the sum of $2 for the forthcoming quarterly period, said agent agreeing to call for the balance ($1.10) before April 30, but stating to plaintiff and the assured that if he did

not call by such time, the balance could be paid any time during said quarter, or when the next quarterly premium was due and payable; that the statement was made by said Randle while he was acting within the scope of his actual or apparent authority as agent, the plaintiff and assured relied thereon, and thereupon made no effort to pay the balance until August 8, 1936. Further allegations were that on said last date, plaintiff paid to defendant's agent and manager, J. B. Rogers, the sum of $4.20, which included the premium then due (July 30) and the amount past due on the quarter beginning the previous April 30; that said premiums were accepted by defendant's agent with full knowledge of the earlier circumstances and agreement with the agent Randle, the defendant retaining said money until suit was filed. A consequent waiver of the policy provisions with reference to payment of premiums on or before the first day of each quarter was plead, also estoppel to deny liability because of acceptance of all premium amounts due.

In response to plaintiff's said cause of action, defendant plead general denial, also alleging that in April, the policy in question had already lapsed for non-payment of premium, and the $2 was received by the collecting agent Randle, to be retained by the latter for a few days until more was paid with which to reinstate the policy, or for a change to one of health and accident. Defendant denied the agreement alleged to have been had with Randle, or any authority in this agent to make such an agreement under the terms of the policy; further alleging that the agent J. B. Rogers did not collect the $4.20 on August 8 in payment of premium (part of which represented April quarter arrears), but that the entire amount was paid to such agent on the representation by plaintiff that her husband (the assured) was in sound health and at work; the money to be received and held pending a reinstatement of Monroe James Warren, upon evidence of his insurability; further, that on the date of said transaction, plaintiff did not inform Rogers of her husband's critical condition in the hospital. Defendant also plead certain policy provisions whereby the acts of the agent Randle in April, and of J. B. Rogers in August, even if made, were ineffectual as constituting waiver and estoppel against defendant; alleging that the policy was never reinstated prior to the death of assured; the amount of $4.20 never being sent to defendant at its Home Office, but immediately tendered back to plaintiff after assured's death and upon full knowledge of the true facts.

Defendant's peremptory instruction at the close of testimony was denied and, upon the jury verdict, judgment was rendered for plaintiff. No issues were requested or submitted on any phase of waiver, authority, or estoppel. Defendant's motion for judgment non obstante veredicto was overruled.

Appellant's assignments and propositions are to the effect, (1) of no evidence to support the April agreement between the assured and the agent Randle, whereby the time for payment of the balance due was extended to the July premium period; (2) of no authority on part of said Randle to make the agreement as found by the jury; or of Rogers to accept the $4.20 as payment of premiums under the given circumstances, because of clear policy restrictions covering reinstatement and premium extensions. The policy contained the usual or standard provisions relating to the payment of dues, reinstatement after lapse; and restrictions against changes in the contract, waiver of forfeiture or extension of premiums, except through designated officers of the Company.

The jury found in answer to the issues submitted that the acts of the agent Randle, in April, and of Rogers, the district manager, in August, sufficiently continued the policy in force to the date of assured's death. The authority of these agents, real or apparent, to deal for and on behalf of defendant in these respective transactions, must be determined as a matter of law, no issues being requested or submitted on waiver, authority, or estoppel, as already stated; the trial court having found in the judgment appealed from, that J. B. Rogers was the general agent of the defendant, with authority on August 8, 1936, to represent defendant in the collection of premiums. Let us consider, first, the promise of the agent Randle, found to have been made and relied upon by the assured. Assuming there were facts in controversy on which to base these findings, the effect is plainly to extend the time for payment of premiums—an agreement beyond the authority of Company representatives, except certain specified officers. The agent Randle was not such an officer, his duties being to make in-

spections, collections, receipt for and remit premiums. The policy provision just mentioned, as well as our State law (Art. 5063, R.S.) precludes agents of the omitted class from extending time for payment of premiums. Sanchez v. American Nat. Ins. Co., Tex.Civ.App., 40 S.W.2d 240; Donaldson v. Nat. Life & Accident Ins. Co., Tex.Civ.App., 53 S.W.2d 136. Such a limitation being expressed in the policy, the assured is charged with knowledge thereof, and the Company will not be estopped by the wrongful acts of the agent; Texas State Mut. Fire Ins. Co. v. Richbourg, Tex.Com.App., 257 S. W. 1089. For another reason, the alleged agreement to extend cannot be considered. There is an entire lack of evidence to support the findings of the jury thereon. The following testimony of plaintiff is all that appears in the record from either party with reference to payment of the $1.10 balance that was still due for the April quarter:

"Q. Mr. Campbell questioned you further with reference to a payment made to Randle down on Thomas Avenue, by your husband? A. Yes.

"Q. Were you present? A. Yes, it was around noon.

"Q. What was said with reference to the payment? A. He asked my husband if he had any money for him and he told him 'yes', he would give him $2.00 and pay him the balance later on or he could pick it up when he came by."

The witness here attempts to restate the language of the assured Warren. Though the agent Randle made no response to the quoted statement, his mere acquiescence therein could not be construed further than a promise to collect the balance by April 30, or later, within the grace period. Certainly, the conversation was too indefinite to constitute an agreement by Randle to extend the payment of this balance to July 30, when another quarterly amount became due. The assured did not even ask for such an extension of time.

Plaintiff does not contend that the April payment of $2, in itself, was sufficient to continue the policy in force to the succeeding July quarter. Hence, we conclude from the record, viewing the testimony most favorably to plaintiff, that when she paid the $4.20 to the district manager, Rogers, the policy in question had lapsed, subject to reinstatement according to the terms of the written contract. Plaintiff testified that defendant's agent accepted this amount in payment of premiums on the policy and, in such connection, she was issued the following receipt: "Universal Life Insurance Company, Memphis, Tenn. Received of Monroe James Warren, $4.20, on account of arrears, Policy No. ———. If the application is not accepted the above amount will be refunded. District, Dallas. (Signed) J. B. Rogers, Agent". Now, in view of the express language of the policy, was the particular agent, though district manager, authorized to accept the $4.20 payment on said date unconditionally, and thereby restore the same to full force and effect?; and did he do so under the terms of the receipt as issued by him? The original contract provided that reinstatement after default in payment of premium should be subject to a written application by the assured, and presentation at the Home Office of evidence of insurability satisfactory to the Company; further providing that no change or modification may be made, nor should any forfeiture be waived, or the time for payment of any premium be extended, except by consent of the Company by written endorsement on the policy, over the signature of certain designated officers, the said Rogers not being one of them. This agent, therefore, had no authority to collect a past due premium (or part thereof) on August 8, except in accord with these reinstatement provisions. The above receipt, undoubtedly the best evidence of the particular transaction, disclosed that Rogers, in accepting the $4.20, was merely taking the steps provided for in the policy, to place assured's application for reinstatement in the Home Office for its acceptance or disapproval. Plaintiff being in possession of the policy, was charged with notice of the agent's limited powers, especially so, when the money was accepted during the critical illness of assured, of which the agent admittedly had no knowledge. Mutual Reserve Fund Life Ass'n v. Lovenberg, 24 Tex.Civ.App. 355, 59 S.W. 314. The amount received by the district manager was never sent to the Home Office of defendant. A valid reinstatement must comprehend a receipt and retention of the premium by the Company itself, with full knowledge of the circumstances under which the money was paid. Columbian Nat. Fire Ins. Co. et al. v. Dixie Co-op Mail Order House et al., Tex.Com.App., 276 S.W. 219; American Nat. Ins. Co. v.

Cleveland, 126 Tex. 189, 86 S.W.2d 217. But appellee argues, and the trial court found, that Rogers was a general agent of defendant, it being a non-resident corporation and Dallas, a district office. While this agent truly had charge of defendant's local office, none of its officers residing in the State, yet the testimony shows his authority did not extend to reinstatement of policies before the application therefor (showing insurability) had been received and approved by the Company at Memphis, Tenn. As district manager, the powers of Rogers were definitely circumscribed, lacking much of those possessed by a general agent as commonly defined. Aetna Life Ins. Co. v. McIver, Tex.Civ.App., 65 S.W.2d 817; and even authority of agents of the latter class (general) may be limited by the principal. Home Ins. Co. of New York v. Lake Dallas Gin Co., 127 Tex. 479, 93 S.W.2d 388. However, in any event, there was no waiver by defendant of the particular terms of the policy, because of the non-disclosure by plaintiff of the existing illness of assured. Kansas City Life Ins. Co. v. Elmore, Tex.Civ.App., 226 S. W. 709; Home Ins. Co. v. Puckett, Tex. Com.App., 27 S.W.2d 111.

We conclude that this case must be reversed and rendered for appellant, Universal Life Insurance Company.

Reversed and rendered.