**W. M. STEPHENS, on behalf of himself and family, Plaintiff-Appellant,**

v.

**The PANHANDLE AND SANTE FE RAILWAY COMPANY et al., Defendants-Appellees.**

**No. 72-1730**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Aug. 23, 1972.

Rehearing and Rehearing En Banc Denied Nov. 2, 1972.

W. M. Stephens, pro se.

D. Thomas Johnson, Lubbock, Tex., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

The trial court correctly determined that under the facts of this case it was without jurisdiction and properly dismissed appellant's complaint seeking damages in the District Court for the Northern District of Texas. See Andrews v. Louisville & Nashville R. Co., 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972).

Affirmed.

**ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC**

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. The trial court did not consider the contention made on appeal that the Company extended credit to the insured in

having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

**Judy K. BLANTON, Plaintiff-Appellant,**

v.

**JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Defendant-Appellee.**

**No. 71-3574.**

United States Court of Appeals, Fifth Circuit.

June 23, 1972.

Cecil D. Elfenbein, Jack D. Eades, Dallas, Tex., for plaintiff-appellant.

Geo. Garrison Potts, Hawkins Golden, Dallas, Tex., for defendant-appellee.

Before DYER, Circuit Judge, SKELTON *, Judge, and INGRAHAM, Circuit Judge.

PER CURIAM.

In this appeal from the grant of summary judgment in favor of John Hancock Life Insurance Company, we are of the view that there was no genuine issue of fact necessitating a trial. Furthermore, for the reasons explicated by the district court, we agree with its conclusion that the Company was entitled to judgment as a matter of law. Fed.R. Civ.P. 56(c). The opinion of the district court, 345 F.Supp. 168, is adopted as the opinion of this Court.[1]

Affirmed.

the full amount of the overdue and unpaid premiums. There is no evidence in the record that would support such a contention. We therefore consider this specification of error as frivolous.

* Judge Byron G. Skelton, U. S. Court of Claims, sitting by designation.