Lillian J. RICE, Plaintiff,

v.

**RELIANCE STANDARD LIFE INSUR-
ANCE COMPANY, a Pennsylvania Cor-
poration, and Colonial Mortgage Service
Company, a Pennsylvania Corporation,
Defendants.**

Civ. A. No. 80–120.

United States District Court,
D. Delaware.

April 21, 1981.

L. Kent Wyatt, of Aerenson, Balick &
Ferrara, Wilmington, Del., for plaintiff.

Thomas Herlihy, III, of Herlihy & Her-
lihy, Wilmington, Del., for defendants.

OPINION

STEEL, Senior District Judge:

Plaintiff, Lillian J. Rice, is the benefi-
ciary of a life insurance policy issued by

defendant, Reliance Standard Life Insurance Company, on the life of the deceased husband of the plaintiff. The defendant Colonial Mortgage Service Company is a Pennsylvania corporation in the business of servicing life insurance policies. Premium payments on the policy, included in plaintiff's monthly mortgage payment, were made directly to Colonial, and Colonial in turn remitted the premium payments to Reliance.

On November 1, 1974, Valley C. Rice, plaintiff's husband, took out a life insurance policy with Reliance which contained a whole life provision in the face amount of $2,000 payable for 54 years, and a $25,000 reducing term provision payable over 20 years. The insured died of cancer on October 27, 1977. Despite repeated demands by plaintiff Reliance has refused to pay the contract amount of the insurance. Reliance has refused payment on the ground that prior to the insured's death the policy became void for non-payment of premiums.

Plaintiff has sued Reliance for the face amount of the policy. Count I. She has joined Colonial as a defendant claiming that it was an agent of Reliance and that it negligently failed to notify the insured that the insurance was in jeopardy of being lapsed for non-payment of premiums. Count II. Plaintiff seeks punitive damages against each defendant. Count III and Count IV.

Both defendants have moved for summary judgment on the ground that there is no genuine issue of fact and that defendants are entitled to judgments as a matter of law.

### The Claim Against Reliance for Compensatory Damages (Count I)

■ The policy provided for payments of premiums of $25.75 at regular monthly intervals. The policy stated:

> If any premium or portions thereof is not paid when due, this policy shall be void and all premiums forfeited to the Company, except as otherwise provided herein.

*Days of Grace.*—A grace of thirty-one days will be granted for the payment of any premium after the first, during which time the insurance shall continue in force. If death occurs within the days of grace, any premium then due and unpaid shall be deducted from the amount otherwise payable hereunder.

The record discloses numerous instances when Reliance accepted premium payments with knowledge that the policy had been in arrears for more than thirty-one days. Reliance admitted that the policy "was at least one month in arrears from February 1975 until it lapsed in March of 1977." Defendants' Opening Brief at 5. During that two year period, the policy was one month in arrears during nineteen months, two months in arrears a total of five months, and once in November of 1976, the policy became three months in arrears due to a check being returned for insufficient funds. During each of these months, Reliance accepted premium payments without comment. Only in March 1977, when the policy again fell three months in arrears, did Reliance take action to lapse the policy.

No notice that the policy was in jeopardy of lapsing was ever given the insured by either defendant and, on June 10, 1977, Reliance for the first time notified the insured that the policy had lapsed for non-payment of premiums. In fact, plaintiff continued to make premium payments on the policy from April 1977 through January 1978, although on October 27, 1977, the insured died. Reliance refunded all of these checks.

Plaintiff points out that Reliance had manifested a consistent policy of accepting overdue payments without claiming that the insurance had lapsed by reason of the premium defaults or that it would lapse if in the future defaults continued. Because of this, plaintiff argues that Reliance was under a duty to advise plaintiff in advance of any change in this policy under which it would claim, as the policy provided, that the insurance would lapse if premiums were in default. Its failure to do so, plaintiff contends, presented a factual situation from

which a jury could infer that Reliance had waived its right to claim that under the terms of the policy the insurance had lapsed because of the premium defaults. On the other hand, Reliance contends that its acceptance of payments which were overdue for more than thirty-one days could not as a matter of law result in a waiver of the terms of the policy. Reliance cites *Blanton v. John Hancock Mutual Life Insurance Co.,* 345 F.Supp. 168 (N.D.Tex.1971), *aff'd,* 463 F.2d 421 (5th Cir. 1972) and *Lantz v. Vermont Life Insurance Co.,* 139 Pa. 546, 21 A. 80 (1891) in support of this position. Neither case supports its position under the uncontroverted facts here involved.

*Blanton* held as a matter of law that an insurance company had not waived the right to claim a forfeiture of the policy for non-payment of premiums by the fact that it had previously accepted *one* monthly premium after the time for its payment had passed. The insurance company had no policy or custom of repeatedly accepting premiums after they were due, as is the case here.

In *Lantz* the insured had died during a time when a premium payment was overdue. The policy stipulated that if premium payments were not paid when due, and in the life-time of the insured, the policy would cease. An agent of the insurance company testified that he had earlier agreed on behalf of the company to accept the overdue payment at a future date prior to which the insured had unexpectedly died. A jury verdict in favor of the insured's beneficiary was rendered apparently based upon a finding that the agent had the authority, actual or apparent, to bind the company to accept the defaulted premium payment notwithstanding the intervening but unanticipated death of the insured. This judgment was reversed. The Pennsylvania Supreme Court found that the agent was without authority upon which the verdict had been based as there was "not a word in the testimony to sustain" a finding of actual or apparent authority in this regard. 21 A. at 81. While the agent had accepted three prior premium payments on behalf of the insurance company which were made

after the dates fixed by the insurance contract, the Court noted that the insured was "in full life at the time." *Id.* at 86. In the case at bar, the insured was "in full life" when payments were accepted late until the time of the lapse.

Moreover, in the *Lantz* case, it was not alleged that any custom existed which would have served to modify the terms of the contract. *Id.* at 82. By its discussion of *Helme v. Philadelphia Life Insurance Co.,* 61 Pa. 107 (1869), the Court in *Lantz* recognized that a provision for the lapsing of a policy because of the non-payment of premiums could be waived by custom of the insurance company in accepting premium payments after they were due, and that it would be error for a Court to refuse to permit the jury to consider such a custom. 21 A. at 81–82.

The evidence in the instant case is sufficient for a jury to infer that Reliance had waived the terms of the policy relating to premium payments and lapsing by its long-continued custom or policy of accepting premiums notwithstanding that by the terms of the policy they were delinquent. As a consequence, the motion for summary judgment of Reliance directed to Count I will be denied.

*The Claim Against Colonial For Compensatory Damages (Count II)*

■ Count II is the basis for plaintiff's claim for compensatory damages against Colonial. It charges in paragraph 19 that Colonial negligently failed to notify the insured that the life insurance contract was in jeopardy of being lapsed due to non-payment of premiums. The plaintiff argues that Colonial was under a duty to do this since it was acting as agent on behalf of Reliance in forwarding regularly monthly premiums to Reliance. On the other hand, Colonial asserts that it was merely a conduit for payment of the premiums and as such, acted as agent for the insured.

This is a fact question for a jury to resolve. Further, whether Colonial knew that Reliance was about to change its policy of waiving the lapsing effect of delinquent

payments is relevant to Colonial's alleged duty to advise the insured of the change of Reliance's policy.

A resolution of these questions is appropriate for a jury's determination and cannot be decided on a motion for summary judgment. As a consequence, the motion for summary judgment of Colonial directed to Count II will be denied.

*The Claims Against Reliance and Colonial For Punitive Damages (Counts III and IV)*

In *McClain v. Faraone*, 369 A.2d 1090, 1095 (Del.Super.1976), the Court held that punitive damages may not be awarded in the absence of the element of ill will, malice or intention by a defendant to cause injury to the plaintiff and that this is true regardless of whether the action is founded upon breach of contract or negligence. *See also Reeves v. American Airlines, Inc.*, 408 A.2d 283, 284 (Del.1979). Here plaintiff's claim against the defendants is predicated upon their failure to answer a letter which plaintiff wrote to Colonial on March 20, 1977, telling it that her husband was ill and that she desired to be informed whether this policy included disability coverage. She emphasizes that at the time neither she nor her husband had any idea that the policy had lapsed for non-payment of premiums. Plaintiff also notes that on June 11, 1977, after being informed of the lapse of this policy she called Reliance and spoke with Ann Lemon, informing her that she did not understand the reason for the lapse and stated she wanted to discuss the situation. Mrs. Lemon never returned her call. These circumstances are wholly inadequate to justify a finding by a jury that Reliance or Colonial were motivated by feelings of ill will, malice or intention to cause injury to the plaintiff.

The motions for summary judgment of Reliance and Colonial directed respectively to Counts III and IV will be granted.