**Dorothy Lee JACOBS,**
**Plaintiff–Appellant,**

v.

**PROVIDENT LIFE AND ACCIDENT**
**INSURANCE COMPANY,**
**Defendant–Appellee.**

**No. 87–1757**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 11, 1988.

William D. Powers, Pipers & Powers, Austin, Tex., for plaintiff-appellant.

Dudley D. McCalla, Heath, Davis & McCalla, Austin, Tex., for defendant-appellee.

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

JOHNSON, Circuit Judge:

Dorothy Lee Jacobs appeals a summary judgment entered for the Provident Life and Accident Insurance Company (Provident) in Jacobs' suit to collect on her de-

---

ceased son's life insurance. For the reasons given below, we affirm.

## I. BACKGROUND

Paul C. Jacobs worked for the Missouri–Kansas–Texas Railroad Company (MKT Railroad) and had life insurance from Provident. The premiums were paid at the beginning of each month through a deduction from Jacobs' MKT paycheck. The insurance policy contained a thirty-one day grace period in which the insured could make a late premium payment and prevent lapse of the policy. If a premium remained unpaid after the grace period, the policy would automatically terminate.

In early October 1984, the last payment was made on Jacobs' policy by the usual payroll deduction. On October 15, 1984, MKT discharged Jacobs. The life insurance policy continued in effect during October because of the October payment and during November as well because of the grace period. By December 2, 1984, the policy lapsed. Meanwhile, Jacobs had reached an agreement with MKT Railroad to reinstate him after a sixty-day suspension without pay. On December 3, 1984, before Jacobs had returned to work or made any further premium payments, Jacobs was murdered.

Mrs. Jacobs, the policy beneficiary, applied for benefits but Provident refused. Mrs. Jacobs sued. The district court granted summary judgment to Provident, and Mrs. Jacobs appeals.

## II. DISCUSSION

Mrs. Jacobs acknowledges that the policy had lapsed under its own terms. She argues, however, that Provident is estopped to assert lapse because its prior representations to Jacobs led Jacobs to believe that a lapse would be prevented by future payments. Mrs. Jacobs cites chiefly the following passage from an insurance manual distributed by Provident to MKT employees:

> If no deduction is made during any month, a double deduction is made the next month to pay for that and the preceding month during which time the in-

surance was considered to have been in force, provided the Employe [sic] had not left the service of the Employer and had not taken up other employment. However, if no deduction is made for two consecutive months the defaulted installments are not deducted at a later date.

Record at 26. Mrs. Jacobs argues that Jacobs relied on this statement in deciding not to make the payment himself or to seek alternative coverage.

■ Under Texas law, an insurer can waive a provision of the insurance contract if the insurer's actions or words induce the insured to rely and if application of the provision would work a fraud or injustice on the insured. *Southland Life Insurance Co. v. Lawson,* 137 Tex. 399, 153 S.W.2d 953, 956–57 (1941); *Dairyland County Mutual Ins. Co. of Texas v. Mason,* 460 S.W.2d 481, 484 (Tex.Civ.App.—Beaumont 1970, writ ref'd n.r.e.); *see also Fisher v. Indiana Lumbermens Mutual Ins. Co.,* 456 F.2d 1396, 1399 (5th Cir.1972); *Blanton v. John Hancock Mutual Life Ins. Co.,* 345 F.Supp. 168, 170 (N.D.Tex.1971), *affirmed,* 463 F.2d 421 (5th Cir.1972). Put differently, an insurer can, under the right circumstances, be estopped to use a defense provided by the policy. *Southland,* 153 S.W.2d at 957.

■ Jacobs could not, however, have reasonably relied on the manual language cited by Mrs. Jacobs. While the paragraph in the manual does provide that a double payment one month can prevent a lapse in the preceding month, it contains the specific exception, "provided the Employe [sic] had not left the service of the Employer." Record at 26. While Jacobs might have reasoned that his discharge, having been converted into a suspension without pay by agreement with MKT, did not constitute "leaving the service," the language of the manual is certainly broad enough to have alerted him to the danger that his policy might lapse. Secondly, even if Jacobs had interpreted the manual as preventing a lapse, he would have had no reason to seek alternative coverage. On December 2, 1984, when the coverage provided by the October premium ceased, Jacobs fully ex-

pected to be reemployed soon. Therefore Jacobs had little reason to make payments himself. In any event, there is no evidence of actual reliance here.

■ Mrs. Jacobs argues, however, that testimony by Paul Neidert, an MKT accountant, creates a fact issue. Neidert testified to the effect that he would not have made the double payments to Provident on Jacobs' policy. The actions of a third party, MKT, have no apparent bearing on Provident's liability, when Jacobs fails to assert any responsibility on Provident's part for MKT's hypothetical negligence. Moreover, MKT never had a chance to refuse to make the double payment, since Jacobs did not receive a December paycheck. Finally, a practice by MKT, unknown to Jacobs, of failing to abide by the insurance manual, could scarcely have affected Jacobs' reliance on the manual or the question of whether such reliance would have been justified.

We will affirm a summary judgment only if the moving party demonstrates that there are no genuine issues as to any material fact, viewing the evidence in the light most favorable to the nonmoving party. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Pharo v. Smith,* 621 F.2d 656, 664 (5th Cir.1980). However, no reasonable reading of the insurance manual or of the record supports estoppel of Provident in the instant case. We, therefore, AFFIRM the district court's judgment.

AFFIRMED.