**H. M. R. CONSTRUCTION COMPANY, Inc.,**
Appellant,

**v.**

**WOLCO OF HOUSTON, INC.,** Appellee.

**No. 28.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Nov. 29, 1967.

Rehearing Denied Dec. 20, 1967.

Thomas B. Weatherly, Sam W. Davis, Jr., James R. Bertrand, Vinson, Elkins, Weems & Searls, Houston, for appellant.

William E. Junell, Thomas S. Terrell, Sewell, Junell & Riggs, Houston, for appellee.

TUNKS, Chief Justice.

H. M. R. Construction Co., Inc. (hereinafter called H.M.R.) was engaged, as general contractor, in the construction of a prefabricated concrete building. H.M.R. entered into a subcontract with Wolco of Houston, Inc. (hereinafter called Wolco), under the terms of which Wolco agreed to furnish and erect prefabricated concrete beams and other portions of the building. Wolco, in turn, entered into its subcontract with Commercial Erection and Equipment Corporation (hereinafter called Commercial), under the terms of which Commercial was to perform certain phases of Wolco's contract, particularly the erection of the prefabricated beams and columns. During the time Commercial was performing its portion of the construction under its contract, the building collapsed and two of Commercial's employees received personal injuries. Commercial carried a policy of Workmen's Compensation insurance which covered the injuries received by its employees and protected Commercial from liability to them for their injuries.

The two injured employees filed suit for personal injuries against H.M.R. and Wolco. In the trial court the jury found that H.M.R. was guilty of negligence which was a proximate cause of the accident and the injuries received by the injured plaintiffs. The jury also found that Commercial was guilty of negligence which was a proximate cause of the accident and the injuries received by the plaintiff. The jury found that Wolco was not guilty of any such negligence. The trial court rendered judgment on the verdict in favor of the plaintiff and against H.M.R. There is no appeal from that portion of the judgment.

H.M.R., by pleading in the trial court, sought either indemnity or contribution from Wolco. (Appellant, in its brief and in oral argument, abandoned its plea for indemnity. Its prayer here is for rendition of judgment in its behalf for contribution). After the jury's verdict was received, it was agreed that that portion of the cause of action asserted by H.M.R. wherein it sought indemnity or contribution, might be served so that final judgment could be entered in behalf of the injured plaintiffs against H.M.R. Subsequently, the trial court entered judgment denying H.M.R. any recovery of either indemnity or contribution from Wolco. It is from that judgment that H.M.R. has perfected its appeal.

The record shows conclusively that Commercial was an independent contractor.

The two points of error presented by H.M.R. as appellant to this court are in the following language:

"First Point of Error:

"The trial court erred in not entering judgment that H.M.R. recover contribution from Wolco because of Wolco's breach of its contractual duty to H.M.R. to perform its contract in a workman like manner.

"Second Point of Error:

"The trial court erred in not entering judgment that H.M.R. recover contribution from Wolco because Wolco could not escape liability by assigning inherently dangerous work to an independent contractor when such contractor acts negligently."

█ In a contract between H.M.R. and Wolco, there arose a duty on the part of Wolco to see that the construction called for in the contract was done in a good and workmanlike manner. In the absence of an expressed agreement to that effect, one would have been implied by nature of the contract itself. Montgomery Ward & Co. v. Scharrenbeck, 146 Tex. 153, 204 S.W.2d

508; Lincoln v. Pohly, Tex.Civ.App., 325 S.W.2d 170, writ ref., n. r. e.

█ That duty was contractual in nature. Its breach would have given rise to a cause of action sounding in contract. Wolco could not relieve itself of that duty by engaging a subcontractor to perform it. Western Oil Sales Corp. v. Bliss & Wetherbee, 299 S.W. 637 (Com.App.). There is, however, no question raised here as to the breach of that duty. It was discharged by Wolco when the beams were fabricated and erected in accordance with the plans and specifications set forth in its contract.

█ Also, the contract impliedly imposed a duty on the part of Wolco to exercise ordinary care in the construction called for. The contract between H.M.R. and Wolco created a relation between those two parties out of which grew a duty on the part of Wolco to use care. A breach of that duty by *Wolco's employees* would have been negligence and H.M.R. would have had a tort cause of action against Wolco for the damages it sustained as a proximate result thereof. Montgomery Ward & Co. v. Scharrenbeck (supra). The fact that Wolco could not relieve itself of its duty to perform the contract in a good and workmanlike manner by the employment of an independent contractor to perform a part of the contract, does not mean that Wolco was liable in a tort cause of action that grew out of the negligence of its independent contractor. Ordinarily, one does not incur a tort liability for the negligent conduct of its independent contractor. Woodard and Lee Homes v. Southwest States, Inc. (Tex.Sup.Ct.), 384 S.W.2d 674.

The position taken here by H.M.R. is in direct conflict with the opinion and the holding of the court in State v. LeBlanc, Inc., Tex.Civ.App., 399 S.W.2d 919, no writ history. In that case, the general contractor had agreed to make alterations, additions and improvements on a building. The general contractor subcontracted the electrical work. The sub-contractor, in the

performance of the electrical work, was alleged to have been guilty of negligence which caused fire damage not only to the building being constructed, but also to other property belonging to the owner. The damage to the building, which was the subject matter of the general contract, was repaired by the general contractor. The general contractor then demanded payment. The owner insisted on its right to withhold the cost it had incurred in repairing the other buildings damaged by the fire caused by the sub-contractor. The trial court rendered summary judgment for the general contractor and the Court of Civil Appeals affirmed.

█ Thus, in the LeBlanc case, it was held that the negligence of an independent sub-contractor which caused damage to other property of the owner, did not constitute a breach by the general contractor of any contractual duty of the general contractor to construct the building which was the subject matter of the construction contract, in a good and workmanlike manner. Nor did the negligence of the independent sub-contractor constitute any actionable breach of the general contractor of its implied duty to exercise ordinary care in the construction.

█ Ordinarily, (but not always) the right to indemnity and the duty to indemnify grow out of contract. Ohio Oil Co. v. Smith (Tex.Sup.Ct.), 365 S.W.2d 621; 30 Tex.Jur.2d 444; 42 C.J.S. Indemnity page 564; 27 Am.Jur. 456. On the other hand, the rights and duties of contribution arise in the absence of any contract where there is a common liability of two or more parties to another party. Maresh v. Jennings, Tex.Civ.App., 38 S.W.2d 406, writ ref.; 44 Tex.Law Review, 326; 13 Tex. Jur.2d 686; 18 C.J.S. Contribution page 3; 18 Am.Jur. 10. While we know of no reason why one party might not contractually obligate himself to contribute to the loss sustained by another party in discharging a liability, we find ·nothing here to suggest that Wolco made any such agreement, express or implied, to contribute to any such loss of H.M.R. in discharging its liability to the injured workman.

Appellant's first point of error is overruled.

█ In the trial court, the jury found that the erection of the building made the basis of the lawsuit was inherently dangerous. That finding is challenged by the appellee. Whether that finding was or was not correct, we need not decide. If the erection of the building was inherently dangerous, the non-delegable duty which grew out of that situation was not a duty which Wolco owed to the employees of its sub-contractor, Commercial. In Humble Oil & Refining Co. v. Bell, Tex.Civ.App., 180 S.W.2d 970, err. ref., w. o. m., it was said: "In regard to the liability to the employer of an independent contractor where the work contracted for is inherently dangerous, the rule is that the employer may be held liable to a third person for the negligence of the independent contractor in the performance of such work. This, even though the employer is guiltless of negligence.

Is an employee of an independent contractor a third person within the meaning of this rule? It is our opinion that such employee is not." See also J. A. Robinson Sons, Inc. v. Ellis, Tex.Civ.App., 412 S.W. 2d 728, err. ref., n. r. e.; Nance Exploration Co. v. Texas Emp. Ins. Ass'n., Tex. Civ.App., 305 S.W.2d 621, err. ref., n. r. e.; Sword Houston Fire & Cas. Ins. Co., Intervener v. Gulf Oil Corp., 251 F.2d 829 (5th · Cir.); Cagle v. McQueen, 200 F.2d 186 (5th Cir.).

█ Since Wolco was not here jointly liable with H.M.R. to the injured workman, H.M.R. was not entitled to recover judgment for contribution. City of Houston v. Watson, Tex.Civ.App., 376 S.W.2d 23, err. ref., n. r. e.; Robinson v. Ashner, Tex.Civ.App., 357 S.W.2d 611, affirmed 364 S.W.2d 223; 44 Tex.Law Review 326; Article 2212, Vernon's Ann.Tex.Civ.St.

The judgment of the trial court is affirmed.