Callie Marie BOGARD, Qualified Community Survivor of Eugene W. Bogard, Deceased, and in Behalf of Billy Gene Bogard, an Adult Dependent Child, Appellant,

v.

HIGHLANDS INSURANCE
COMPANY, Appellee.

No. 6911.

Court of Civil Appeals of Texas,
El Paso.

June 25, 1980.

Rehearing Denied July 30, 1980.

Burnett & Ahders Associated, W. Ruff Ahders, Norma Venso, Odessa, for appellant.

Shafer, Gilliland, Davis, Bunton & McCollum, Inc., Connell Ashley, James A. Moseley, Odessa, for appellee.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

In this worker's compensation case, the question is whether or not the deceased was an employee or an independent contractor. The Defendant insurance carrier filed its motion for summary judgment on the sole ground that the deceased was an independent contractor. We affirm the judgment of the trial Court granting that motion.

Appellant, as Plaintiff, brought this suit as an appeal from the action of the Industrial Accident Board on her claim for death benefits occasioned when Eugene W. Bogard was found dead in his pick-up on the lease of Delta Drilling Company, where he performed pumping chores for Delta Drilling Company, Defendant's insured. At the time of his death, Eugene Bogard was party to a contract as "Contractor" with Delta Drilling Company as "Owner," which contract covered his services for Delta in the pumping of four wells situated on the H. E. Cummings Estate lease. This contract is the basis of Appellee's contention that Bogard was an independent contractor and not an employee of Delta Drilling Company.

Our determination of that question is reached through the application of the test of right of control. *Continental Insurance Company v. Wolford*, 526 S.W.2d 539 (Tex.1975); *Anchor Casualty Company v. Hartsfield*, 390 S.W.2d 469 (Tex.1965); *Newspapers, Inc. v. Love*, 380 S.W.2d 582 (Tex.1964); *Elder v. Aetna Casualty & Surety Company*, 149 Tex. 620, 236 S.W.2d 611 (1951); *Standard Insurance Company v. McKee*, 146 Tex. 183, 205 S.W.2d 362 (1947). Pertinent portions of the contract entered into between "Contractor," Bogard Contract Pumping Service by E. W. Bogard, and Delta Drilling Company, as "Owner," are as follows:

1. Contractor agrees to furnish all necessary labor and in a good and workmanlike manner pump the following well or wells owned and operated by Owner, to wit: [There follows the description of the lease with its 4 wells] and to accurately gauge and mail a daily report of the production therefrom to Owner at the above address, on forms provided by Owner . . . ..

2. Owner agrees to furnish all machinery, equipment, material and supplies, make all repairs and do such other things as may be necessary in the proper operation of said well or wells except only for the services to be performed by Contractor. Minor adjustments and repairs such as are usually performed by a lease pumper and which do not require repair parts or tools other than ordinary hand tools, such as engine adjustments, tightening of connections, oiling of pumping equipment, minor repairs to belts and the like shall be included in the services to be performed by Contractor. Owner shall be under no obligation to provide Contractor or its employees with transportation.

. . . . .

4. For the services so performed by Contractor, Owner agrees to pay Contractor at the rate of $60.00 per month for any one well so pumped in any one field, and $55.00 per month for each additional well so pumped in the same field. An invoice for the amount due Contractor shall be rendered by Contractor to Owner at the address shown above, at the end of each month during which services are rendered hereunder, which said invoice shall be payable within thirty (30) days from the receipt thereof by Owner.

. . . . .

6. In the performance of the services hereunder, Contractor shall act as and be an independent contractor free and clear of any dominion or control by Owner in the manner in which said services are to be performed.

Appellant's sole point of error is that the granting of the motion for summary judgment was error because the Defendant failed to prove the lack of an issue of fact whether Eugene W. Bogard was an employee of Defendant's insured at the time of his death.

From the terms of the contract, it is obvious that, for the services contracted for, that is, the pumping of the wells, there existed no right of control in the owner. Aside from the specific provision of paragraph 6—the contractor shall be an independent contractor—the other provisions noted make it clear the details of the pumping of the wells were not only left to the contractor, but were spelled out, taken out of the control of the owner. Appellant points to and relies on deposition testimony of one John Thomas, a former Delta Drilling Company management level employee, who testified that Bogard in his work as a pumper for Delta Drilling Company could not hire his own employees, nor supervise them in any way he wished as long as he got the job done, and that Bogard could not decide what to do if wells were not producing; could not hire and choose replacements if sick or on vacation; could not decide what to do if things went awry, and required repairs; and he explained paragraph 2 much as it was written—the company provided the equipment and larger tools and Bogard furnished his own hand tools and means of transportation.

We fail to see how this deposition testimony raises any fact issue as to the right of control of the details of the pumping of the wells.

Appellant contends she has made a prima facie case, saying:

Once a person claiming to have occupied the status of an employee shows that he was performing services peculiar to the employer's business or affairs, he has established prima facie the relationship of master and servant. *Newspapers, Inc. v. Love,* 380 S.W.2d 582, 591 (Tex.1964).

We are unable to agree. The full quote from *Newspapers, Inc. v. Love* is:

*In the absence of evidence showing a different relationship* between the parties, the fact that the alleged servant was performing services peculiar to the principal's business or affairs establishes prima

facie that the relationship of master and servant exists between them. *McAfee v. Travis Gas Corporation* (1941), 137 Tex. 314, 153 S.W.2d 442; 38 Tex.Jur.2d 492, Master and Servant sec. 241. When, however, the parties, as in this case, have entered into a definite contract that expressly provides for an independent contract relationship and does not vest in the principal or the employer the right to control the details of the work, evidence outside the contract must be produced to show that despite the terms of the primary contract the true operating agreement was one which vested the right of control in the alleged master. Under such circumstances, the exercise of control is evidentiary only. The true test remains the right of control. *Texas Company v. Wheat* (1943), 140 Tex. 468, 168 S.W.2d 632; 38 Tex.Jur.2d 490, Master and Servant sec. 240. The exercise of control in cases such as this is not an ultimate test of the master and servant relationship. To hold that it was, would be to practically destroy contract rights and relationships based thereon. The assumption of an exercise of control must be so persistent and the acquiescence therein so pronounced as to raise an inference that at the time of the act or omission giving rise to liability, the parties by implied consent and acquiescence had agreed that the principal might have the right to control the details of the work. [Emphasis supplied]

In the case before us, there is no evidence to raise a fact issue under that test as to the exercise of actual control by Delta Drilling Company over the details of Eugene Bogard's work.

The judgment of the trial Court is affirmed.