**Garlan E. MITCHELL, Appellant,**

v.

**Seward JONES, DBA Frenchy's or Frenchman's Wrecking Yard, Appellee.**

**No. A14–84–714CV.**

Court of Appeals of Texas, Houston (14 Dist.).

March 21, 1985.

Larry Killion, Houston, for appellant.

Thomas L. Ewing, Wallis & Pruitt, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a summary judgment granted in favor of the appellee on grounds that appellant's cause of action under breach of oral contract is barred by the Statute of Frauds and Statute of Limitations, and his suit under the Texas Deceptive Trade Practices Act is barred by the Statute of Limitations. We reverse and remand. Appellee failed to meet his burden of proving that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law.

Appellant brought suit against appellee over the alleged sale of a truck trailer. Appellant alleges his agent paid appellee $1500 for the trailer with appellant's personal check dated February 9, 1981. The check contained a notation that it was issued for a "40' trailer." Appellant further alleges he orally requested that the trailer be resold by appellee on appellant's behalf. The trailer was resold for $1800. Appellant was never repaid his purchase price or any of the proceeds of this sale. His lawsuit against appellee, filed on April 14, 1983, alleges appellee's resale of the trailer and retention of appellant's original purchase price was a false, misleading and deceptive act under the Texas Deceptive Trade Practices Act, and that appellee breached his oral contract with appellant to reimburse his purchase price upon resale of the trailer. Appellee's answer denies these claims and asserts that the $1500 was retained to offset a pre-existing debt of $2500 owed to appellee by appellant's agent, and counterclaims for the remaining $1,000. Appellee's Motion for Summary Judgment was granted and his counterclaim dismissed.

Appellant assigns six points of error. All but one allege the trial court erred in its conclusion of law. However, findings of fact and conclusions of law have no place in a summary judgment proceeding. *State v. Easley*, 404 S.W.2d 296 (Tex.1966). Points of error one and three through six are overruled.

In his second point of error appellant properly complains that the trial court erred in granting the Motion for Summary Judgment. *See Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119 (Tex.1970).

The standards for review of summary judgment evidence are well established. A defendant moving for summary judgment must expressly present and conclusively prove all essential elements of his defense as a matter of law; there can be no genuine issue of material fact. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). In deciding whether there is a disputed material fact precluding summary judgment, evidence favorable to the non-movant will be taken as true. Every reasonable inference from the evidence must be indulged in favor of the

non-movant and any doubt resolved in his favor. *Montgomery v. Kennedy*, 669 S.W.2d 309 (Tex.1984).

■ . In his Motion for Summary Judgment appellee asserts three affirmative defenses which he claims entitle him to judgment as a matter of law. The first defense alleges the appellant's cause of action for breach of oral contract is barred by the two-year Statute of Limitations. TEX. REV.CIV.STAT.ANN. art. 5526 (Vernon 1958). By moving for summary judgment on the basis of the running of limitations, appellee assumed the burden of showing as a matter of law that the suit is barred by limitations. *Delgado v. Burns*, 656 S.W.2d 428 (Tex.1983). However, effective August 27, 1979, the two-year Statute of Limitations for suit on a debt based upon an oral contract was deleted from art. 5526, and art. 5527 was amended to provide a four-year limitations period applicable to all actions for debt. TEX.REV.CIV.STAT.ANN. art. 5527 (Vernon Supp.1985); *see also Andrews v. Cohen*, 664 S.W.2d 826 (Tex.App. —Tyler 1984, writ ref'd n.r.e.). Therefore appellee did not meet his burden of establishing as a matter of law that the Statute of Limitations bars appellant's suit for breach of oral contract. The trial court erred in granting summary judgment on this point.

■ In his second affirmative defense on which summary judgment was granted, appellee alleges appellant's cause of action based on breach of oral contract is barred by the Statute of Frauds since by appellant's own admission the contract involved more than $500. Appellant's Response to Motion for Summary Judgment contains his sworn affidavit alleging his $1500 check was issued to appellee for the purchase of the trailer. The affidavit also claims appellee accepted, endorsed and deposited the check, and a copy of the cancelled check was attached. While an oral contract for the sale of goods for $500 or more is generally not enforceable, an exception exists with respect to goods for which payment has been made and accepted. TEX.BUS. & COM.CODE ANN. § 2.201(c)(3) (Tex. UCC)

(Vernon 1968). The summary judgment evidence presented by appellant in his Response and Affidavit was sufficient to show that a material issue of fact exists concerning his plea of part performance. *See "Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934 (Tex.1972); *Hammonds v. Calhoun Distributing Co.*, 584 S.W.2d 472 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.). The trial court erred in granting summary judgment on this affirmative defense.

■ Appellee's third affirmative defense upon which summary judgment was granted is that appellant's cause of action under the Deceptive Trade Practices Act is barred by the two-year Statute of Limitations. TEX.BUS. & COM.CODE ANN. § 17.56A (Vernon 1985). This section provides that all actions brought under the Deceptive Trade Practices Act must be commenced within two years after the date on which the false, misleading or deceptive act occurred *or* "within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered" the act. In his Original Petition and Response appellant contends that his cause of action did not accrue on February 9, 1981, as alleged by appellee, but rather on or after May 16, 1981, when he discovered appellee had sold the trailer for $1800 without reimbursing appellant. Since suit was filed on April 14, 1983, appellant claims his suit was timely filed. Where, as here, the appellee's Motion for Summary Judgment is predicated on the running of the limitations period, appellee has the burden of negating the discovery rule once appellant raises this issue in his pleadings. *Weaver v. Witt*, 561 S.W.2d 792 (Tex.1977). Appellee failed to sustain his burden of proving when the cause of action was discovered or should have . been discovered. The trial court erred in granting summary judgment on this affirmative defense.

We hold the appellee failed to establish his affirmative defenses as a matter of law. We therefore reverse the judgment of the trial court and remand for further proceedings.