**Debra LUCADOU, et al., Appellants,**

v.

**TIME INSURANCE COMPANY, Appellee.**

No. B14–87–869–CV.

Court of Appeals of Texas, Houston (14 Dist.).

Sept. 15, 1988.

Vanessa Ruiz Boling, Houston, for appellants.

Regina Giovannini, Houston, for appellee.

Before PAUL PRESSLER, DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Judge.

This is a summary judgment case. Individually and on behalf of her now deceased minor son, appellant Debra Lucadou sued the appellee, Time Insurance Company ["Time" or "the company"], another insurance company, and Raul G. Melchor ["Melchor"], who formerly worked as an agent for both companies. Premising the companies' liability on agency principles, appellant claimed the defendants' misrepresentations concerning her health insurance coverage violated Tex.Bus. & Com.Code Ann. § 17.50(a) (Vernon 1987) and Tex.Ins.Code Ann. art. 21.21 § 4(2) (Vernon Supp.1988), and entitled her to statutory damages. She also sought damages for common law breach of contract and fraud. Appellant brings four points of error. She maintains the trial court erred when it entered a partial summary judgment and order of severance in favor of Time. We reverse.

A trial court properly renders summary judgment when the moving party meets two burdens: to establish there are no genuine material issues of fact which would require a trial on the merits; and to show it is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). This court decides whether the moving party met both burdens. *Nixon*, 690 S.W.2d at 548. In determining whether there is a disputed fact issue which

would preclude summary judgment, we must assume the truth of all evidence favoring the non-movant appellant; moreover, we must indulge every reasonable inference and resolve all doubts in her favor. *Nixon*, 690 S.W.2d at 549; *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733, 734 (Tex.1985). The test of the propriety of summary judgment in favor of a defendant, here Time, is whether its motion for summary judgment conclusively defeated at least one of the elements of each of the plaintiff's causes of action. *See Gray v. Bertrand*, 723 S.W.2d 957, 958 (Tex. 1987) (per curiam); *Sakowitz v. Steck*, 669 S.W.2d 105, 107–08 (Tex.1984); *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex.1972); *see also, Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983, per curiam) (summary judgment for a defendant is proper only if plaintiff could not succeed as a matter of law).

Appellant's third amended petition charged that Time, through Melchor, made misrepresentations concerning her health insurance coverage over a period of time. She claimed she understood she and her son were covered by a Time health insurance policy, and only became aware that she lacked coverage in March, 1983, after she hospitalized her son, whom, she then learned, suffered from a terminal brain disorder. After appellant made a second application, Time denied coverage for her son. It is undisputed that appellant first applied and paid an initial premium for health insurance on January 10, 1983 but that Melchor failed to forward the application and accompanying premium to Time, although he did give her a conditional receipt. The record does not contain a copy of appellant's application, but the conditional receipt, dated January 10, 1983, provided that insurance coverage could "become effective prior to policy delivery" on satisfaction of three conditions:

1. The Proposed Insured(s) must be, on the Effective Date as hereafter defined, a risk acceptable to the Company under its rules, standards and practices for the exact policy and premium applied for, without any modification.

2. The amount of the payment taken with the application must be equal to the amount of the full first premium according to the mode of premium payment selected.

3. The policy is issued exactly as applied for within 60 days from the date of the application.

If each and every one of the above conditions shall have been fulfilled, then insurance as provided by the terms and conditions of the policy applied for *will become effective, prior to policy delivery*.

.　　.　　.　　.　　.

"Effective date" as used herein:

Means the later of (a) the date the application is signed, (b) the date of completion of all medical examinations, if required, and (c) the Requested Policy Date shown on the application, *but for Health Insurance, not more than 10 days prior to the receipt of the application by the Company* (emphasis added).

Relying on the conditional receipt, Time's literature, and Melchor's representations, appellant claimed that Time, through Melchor, committed misrepresentation, breach of contract, and fraud. She alleged three alternative theories supporting Time's liability for Melchor's misrepresentations: 1) Melchor was Time's "local recording agent" or was acting with authority identical to that of a local recording agent; 2) Melchor was acting with Time's "express, implied, and apparent authority"; 3) Time had permitted Melchor to hold himself out as possessing certain authority by deliberately or negligently clothing him with "indicia" of authority which would lead a reasonably prudent person to believe he had authority to bind the company.

In her first, second, and fourth points of error, appellant maintains Time failed to show it was entitled to summary judgment as a matter of law. The essence of these points of error is that Time's summary judgment proof failed to conclusively resolve the factual issue of the precise scope of the defendant Melchor's authority to bind Time, his principal. We agree.

It is undisputed that Melchor was Time's agent when appellant first applied for health insurance for herself and her son. *See* TEX.INS.CODE ANN. art. 21.02 (Vernon Supp.1988) (defining "agent," in part, as any person who solicits insurance for an insurance company, transmits applications to that company, advertises or otherwise gives notice that he will receive or transmit applications or policies, receives or delivers a company's policy of insurance, or who receives, collects, or transmits any premium of insurance); *see also, Royal Globe Ins. Co. v. Bar Consultants*, 577 S.W.2d 688, 693 (Tex.1979) (persons meeting Article 21.02 definition of "agent" are subject to provisions of Insurance Code prohibiting deceptive trade practices). An agent's misrepresentations concerning coverage can render the company he represents vicariously liable through the deceptive trade practices portions of the Texas Business and Commerce and the Insurance Codes. *Royal Globe; see generally*, N. von Kreisler, *A Survey of Insurance Litigation under the Texas Deceptive Trade Practices Act* [hereinafter *"von Kreisler Survey"*], 18 TEX.TECH.L.REV. 177, 185–91 (1987).

TEX.INS.CODE ANN. art. 21.14 § 2 (Vernon 1981) provides for licensing of two categories of insurance agents: local recording agents and soliciting agents. While both types of agents solicit insurance business for their companies, a soliciting agent's authority is more limited than a local recording agent's, and only the latter can sign and execute insurance policies. *See Royal Globe*, 577 S.W.2d at 693. Time insists its summary judgment proof established Melchor was a mere soliciting agent whose authority is limited to writing and submitting applications, and that it had no liability for the misrepresentations. To support its contentions, Time attached certified copies of the records of the State Board of Insurance to its motion for summary judgment. Those records established only that the Board had not licensed Melchor as Time's local recording agent.

But the lack of a local recording agent's license could not suffice to establish Melchor's soliciting agent status as a matter of law. By attempting to disprove Melchor's authority to bind the company based solely on his Article 21.14 § 2 status, Time addressed only Melchor's actual authority. Because neither code requires a showing of actual authority, an insurance company which authorizes an agent to sell its policies cannot escape liability under the Insurance or Business and Commerce Codes merely by proving that the agent had no actual authority to misrepresent coverage. *Royal Globe*, 577 S.W.2d at 693. Yet this is precisely the position Time took in its motion for summary judgment. Moreover, upon a showing of the insured's reliance on the agent's apparent authority, even a mere soliciting agent's misrepresentations concerning health insurance coverage can render his principal vicariously liable. *See Guthrie v. Republic Nat'l Ins. Co.*, 682 S.W.2d 634, 637 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); *Tidelands Life Ins. Co. v. Harris*, 675 S.W.2d 224 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.); *American Nat'l Life Ins. Co. v. Montgomery*, 640 S.W.2d 346 (Tex.App.—Beaumont 1982, writ ref'd n.r.e.); *von Kreiser*, 18 TEX.TECH.L.REV. at 188–191; *see also, Royal Globe*, 577 S.W.2d at 691 & n. 8 (noting purpose of rules and regulations State Board of Insurance adopted pursuant to the Insurance Code: to prohibit direct or indirect misrepresentations, irrespective of the misrepresenter's capacity or connection with the insurer). Thus, Melchor's status as either a soliciting or local recording agent cannot control the instant case.

What does control, and what remains unresolved by Time's motion for summary judgment, are appellant's allegations that Melchor acted with the authority customarily accorded a local recording agent; or, that Time deliberately or negligently clothed Melchor with such implied and apparent authority that appellant reasonably believed he could bind Time by accepting her payments and applications, giving her a conditional receipt for her first application which indicated that her coverage could become effective prior to her actually receiving a policy, and repeatedly assuring

her that she either had coverage or that he could obtain coverage for her.

Generally, for a principal to be liable for his agent's torts, the agent must be acting within the scope of his authority. *Biggs v. United States Fire Ins. Co.*, 611 S.W.2d 624, 629 (Tex.1981); *Pasadena Assoc. v. Connor*, 460 S.W.2d 473, 479 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n.r. e.), citing *Reed v. Hester*, 44 S.W.2d 1107, 1109 (Tex.Comm'n App.1932, holding approved); *Jorgensen v. Stuart Place Water Supply Corp.*, 676 S.W.2d 191, 194 (Tex.App.—Dallas 1984, no writ). When, as in the instant case, the parties dispute the scope of the agent's apparent authority, that question requires resolution of issues of fact. *Foundation Reserve Ins. Co. v. Wesson*, 447 S.W.2d 436, 438 (Tex.Civ.App.—Dallas 1969, writ ref'd); *Jorgensen*, 676 S.W.2d at 194; *Grundmeyer v. McFadin*, 537 S.W.2d 764, 768 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.); *Pasadena Assoc.*, 460 S.W.2d at 479. Here, the issue of whether Melchor acted with the implied or apparent authority of Time required resolution of appellant's claims that Time deliberately or negligently engaged in conduct which would have led a reasonably prudent person to believe that Melchor could bind the company through his actions. *Biggs*, 611 S.W.2d at 629, *Douglass v. Panama, Inc.*, 504 S.W.2d 776, 778–79 (Tex.1974) We hold that Time's motion and summary judgment evidence failed to resolve these issues.

In its motion for summary judgment Time also maintained the appellant had no breach of contract claim since it never received her first application and premium and therefore never contracted to deliver insurance. In our opinion, this claim demands threshold resolution of the underlying issue of the scope of Melchor's apparent authority to bind the company through his actions.

We sustain points of error one, two and four.

In her third point of error, appellant claims the trial court erred in entering the partial summary judgment and order of severance because Time failed to prove its contention that a two year statute of limitations barred her claims. By raising the affirmative defense that limitations barred certain of appellant's causes of action, Time, as movant, assumed the burden of conclusively demonstrating that limitations barred those claims as a matter of law. *Delgado v. Burns*, 656 S.W.2d 428 (Tex. 1983) (per curiam); *Palmer v. Enserch Corp.*, 728 S.W.2d 431, 435 (Tex.App.—Austin 1987, writ ref'd n.r.e.).

A two year statute of limitations governs appellant's common law fraud claims as well as causes of action for violations of the Texas Insurance and deceptive trade practices portions of the Texas Business and Commerce Codes. *See* TEX.CIV.PRAC. & REMS.CODE § 16.003 (Vernon 1986) (common law fraud); TEX.INS.CODE ANN. art. 21.21 § 16(d) (Vernon 1981 & Supp.1988); TEX.BUS. & COM.CODE ANN. § 17.565 (Vernon 1987) (formerly numbered as § 17.56A), respectively. Time maintains that appellant's Third Amended Petition reflects that she admitted discovering Time's purported misrepresentation in March, 1983. We disagree. Here, appellant's reference to the March, 1983 date merely placed the accrual of her fraud and misrepresentation causes of action at issue. *See Weaver v. Witt*, 561 S.W.2d 792, 793–94 (Tex.1977) (per curiam); *Mitchell v. Jones*, 694 S.W.2d 61, 63 (Tex. App.—Houston [14th Dist.] 1985, no writ); *Spellings v. Lawyers Title Ins. Corp.*, 644 S.W.2d 804 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.).

To be entitled to summary judgment based on the discovery rule, Time had the burden of *conclusively* proving that she discovered the purported misrepresentations Time committed through Melchor prior to October 21, 1983, two years before she filed suit. *Id.; Gregg v. Galo*, 720 S.W.2d 116, 119 (Tex.App.—San Antonio 1986, no writ). We conclude Time failed to do so. In her Response to Time's motion for summary judgment, appellant stressed that her petition had alleged that Time, through Melchor, continued to misrepresent her coverage long after March 1983. Further, while it disclosed her awareness that Time denied her second application for

insurance on June 29, 1983, appellant's Response also claimed that by reassuring her that she would obtain health insurance, Time, through Melchor, "knowingly engaged in conduct solely calculated to induce [her] to refrain from or postpone the commencement of this action." If true, Time's conduct would add an additional 180 days to the two year statute of limitations. *See* TEX.BUS. & COM.CODE § 17.565.

Consistent with our duty to indulge all reasonable inferences in appellant's favor, we hold that Time failed to establish a limitations bar. We sustain appellant's third point of error.

Accordingly, the trial court's partial summary judgment in Time's favor is reversed. This cause is remanded for a trial on the merits.